The plaintiff, Robert Taylor, delivered a washing machine to the defendant, Oak Appliance Company, Inc., for the purpose of having it repaired. Four months later the machine was returned to him without having been repaired and, he claims, without essential parts and worthless. He brings this suit for $185 the purchase price of the washing machine.
The defendant denied all responsibility for the missing parts and averred that the machine, which had been dismantled when it was delivered to it, was returned to plaintiff in the exact state in which it had been received. In other words, there were missing parts when the defendant got the machine and the parts could not be obtained and, therefore, the defendant could not make the repairs.
There was judgment below in plaintiff's favor as prayed for and defendant has appealed.
[1] On the question of fact presented, that is to say, the responsibility for the loss of the parts, we have concluded that the evidence in the record does not justify overruling the judgment of the trial judge as it does not appear that he was manifestly wrong.
[2] As to the quantum, however, we cannot agree that plaintiff should have judgment for $185. The machine was twelve years old when it was delivered to the defendant and was out of order, otherwise there would have been no point in having it repaired, and while it is clear from the record that missing parts of old washing machines, as well as new washing-machines, are not available to the public and cannot be purchased because of the wartime restrictions, nevertheless, it seems to us that the measure of plaintiff's damage is the value of the machine at the time it was rendered useless. There is testimony in the record that the ceiling price as fixed by the Office of Price Administration, for a machine of this type, is $47, consequently, and *Page 744 
For the reasons assigned the judgment appealed from is amended by reducing the award from the sum of $185 to $47, and as thus amended it is affirmed. The plaintiff and appellee to pay the costs of this Court.
Amended and affirmed.